# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CR-430 HEA |
| | ) | |
| AARON TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Aaron Turner's Motion for Revocation of the Magistrate Judge's Detention Order (ECF No. 80). The Government filed a response opposing the motion. (ECF No. 24). Defendant did not file a reply, and the time to do so has passed. The Court has conducted *de novo* review of the record and will deny Defendant's motion.

### *Background*

Defendant is charged in the United States District Court for the Eastern District of Missouri with violating §§ 841 and 846 of the Controlled Substances Act. *See* 21 U.S.C. §§ 846 (conspiracy) and 841(a)(1) (prohibiting the possession and distribution of controlled substances). A grand jury indicted Defendant and four others for knowingly and intentionally conspiring to possess with the intent to distribute and distribute methamphetamine. According to the Government, it has

seized over two kilograms of methamphetamine from a single distribution Defendant directed, as well as other narcotics. Under these sections, violations involving 50 grams or more of actual methamphetamine or 500 grams or more of a mixture or substance containing methamphetamine require a minimum prison sentence of 10 years. 21 U.S.C. § 841(b)(1)(A)(viii). Defendant is also charged with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h).

Defendant was arrested on September 10, 2024 in California and was presented for his Rule 5(c)(3) initial appearance in the United States District Court for the Eastern District of California. On September 12, 2024, a detention hearing was held before U.S. Magistrate Judge Sean C. Riordan. At the detention hearing, the Government moved for detention based on the presumption of detention, the weight of the evidence, danger to the community, and flight risk. The Court heard Defendant's arguments as to why detention was not necessary. A Bail Report was issued by the Pretrial Services Office for the Eastern District of California on the same date ("California Bail Report"). The California Bail Report recommends that there are no conditions that could assure Defendant's appearance in court or the safety of the community.

Judge Riordan ordered Defendant released on the posting of a secured bond of $200,000.00 on available equity in Defendant's parents' residential home and on

clearance of Defendant's pending warrants in Los Angeles County and Orange County. Defendant's release was delayed until the posting of the secured bond and clearance of the warrants. Judge Riordan denied Defendant's request for temporary release.

On September 19, 2024, U.S. Chief Magistrate Judge Carolyn K. Delaney held a status conference concerning progress on the posting of a secured bond and clearing of the warrants. Judge Delaney found that the conditions of release had not been satisfied and ordered Defendant detained and transported to the Eastern District of Missouri. In her written Order, Judge Delaney considered the factors set forth in 18 U.S.C. 3142(g) and concluded that Defendant should be detained pending trial because the Government has shown by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. Judge Delaney further found that by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance as required. In addition to findings made on the record at the hearing, the reasons for detention included the following: the weight of the evidence against Defendant was strong, Defendant would be subject to a lengthy period of incarceration if convicted, Defendant's prior criminal history, his history of violence or use of weapons, his

3

lack of stable employment, and Defendant's prior failure to appear in court as ordered.

On September 25, 2024, prior to his transport, Defendant filed a Motion to Recall the Order of Detention Pending Trial.  U.S. Magistrate Judge Chi Soo Kim heard arguments as to Defendant's Motion to Recall and denied Defendant's motion.

On October 22, 2024, a Bail Report was issued by the Pretrial Services Office for the Eastern District of Missouri ("Missouri Bail Report").  The Missouri Bail Report recommends that there are no conditions that could assure Defendant's appearance in court or the safety of the community.

### *Legal Standard*

The Court reviews the detention order *de novo*, without deference to the Magistrate Judge's findings. *See United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990); *see generally United States v. Maull*, 773 F.2d 1479, 1481-82 (8th Cir. 1995) (en banc) (*de novo* review of order setting bond appropriate). The Court is "required to analyze the conditions of release to determine whether any would give reasonable assurance of appearance." *Id.* at 1485.

A defendant retains the constitutional presumption of innocence. 18 U.S.C. § 3142(j). A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of

4

conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (citing *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985)); *see* 18 U.S.C. § 3142(c), (e)-(f). "[E]ither danger to the community or risk of flight is sufficient to authorize detention." *United States v. Cantu*, 935 F.2d 950, 952 (8th Cir. 1991) (quoting *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986)).

In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial, the Court must consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

5

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

"Reviewing without deference does not require the district court to start over in every case and proceed as if the magistrate's decision and findings do not exist." *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023) (cleaned up) (quoted case omitted). "If the district court agrees fully with the magistrate's order and reasons, it may adopt the order." *Id.* (citing cases).

In this case, probable cause exists that Defendant committed an offense under the Controlled Substance Act, and a rebuttable presumption arises against Defendant's release. *See* 18 U.S.C. § 3142(e)(3)(A); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Ward*, 63. F. Supp. 2d 1203, 1209 (C.D. Cal. 1999). In order to rebut the presumption, Defendant must produce evidence that he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 ("'In a presumption case such as this, a defendant bears a limited burden of production-not a burden of persuasion ....'") (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). If Defendant meets his burden of production, "'the presumption favoring detention does not disappear entirely but remains a factor to be considered among those weighed by the district court.'" *Id.*

### *Discussion*

The Court has reviewed the entire record, including the Government's motion for detention, the California Bail Report, the Missouri Bail Report, the Order of Detention, the transcript of the detention hearings in California, and the parties' briefing on the instant motion. Having done so, the Court agrees with Judge Delaney that Defendant should be detained pending trial.

The Court acknowledges that Judge Riordan initially ordered Defendant's release, but the release was conditioned on Defendant clearing his warrants, which he did not do.  Judge Delaney later found that Defendant had not resolved his pending warrants, which included one felony warrant ($25,000) in Orange County for Damage Property, which was issued two months prior on July 30, 2024, and one misdemeanor warrant ($15,000) in Los Angeles County for Bribery to Obstruct a Public Official, which was issued two months prior on July 23, 2024. Defendant failed to meet the conditions to be released.

The Court further finds that the serious nature of the offense charged weighs heavily in favor of detention.  Defendant is charged with an offense involving the distribution of significant quantities of methamphetamine and other controlled substances, and the Government has evidence that Defendant played a leading role in the conspiracy to delivery large quantities of narcotics to the Eastern District of Missouri. Violations of 21 U.S.C. § 841(b)(1)(A) require a minimum 10-year prison sentence, which is a long term of imprisonment and provides an incentive to

7

flee prior to trial. The Government has also shown that the weight of the evidence in this case is strong. It has recorded cellular phone conversations wherein Defendant personally arranged to supply large quantities of methamphetamine within the Eastern District of Missouri, as well as physical surveillance, electronic records, video surveillance, and the seizure of large quantities of illegal narcotics. Defendant's history and characteristics also weigh in favor of pretrial detention. Defendant primarily resides in the State of California, and he has no ties to the Eastern District of Missouri beyond his alleged drug trafficking activities and the pending indictment. As for criminal history, Defendant has a criminal record that spans over 15 years. He has two known arrests for failure to appear and a history of arrests and convictions while under supervision. Defendant also has a history of substance abuse issues. In sum, the relevant factors show that Defendant presents a risk of non-appearance, and that he presents a danger to the community.

### *Conclusion*

Based on *de novo* review of the entire record, the Court finds the circumstances warrant detention as the Government has shown by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community, and it has shown by a preponderance of the evidence that no condition or set of conditions will reasonably assure Defendant's appearance.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Aaron Turner's Motion for Revocation of the Magistrate Judge's Detention Order is **DENIED**. [ECF No. 80]

Dated this 26th day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE